UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN BENNETT, )<br>)<br>     Plaintiff, )<br>)<br>   v. )<br>)<br>THUNDERDOME RESTAURANTS, LLC, )<br>)<br>     Defendant. ) | CAUSE NO. 1:21-cv-03027-RLY-MJD |

**CASE MANAGEMENT PLAN**

I.   Parties and Representatives

   A.   Plaintiff:   Ryan Bennett ("Plaintiff")

       Defendant:   Thunderdome Restaurants, LLC ("Defendant")

   B.   Plaintiff's counsel:   Mark R. Waterfill, #10935-49
                2230 Stafford Rd., STE 115
                Plainfield, IN 46168
                (317) 501-6060
                mark@waterfilllaw.com

       Defendant's counsel:   Erica M. Knear, #35028-53
                Taft Stettinius & Hollister LLP
                One Indiana Square, Suite 3500
                Indianapolis, IN 46204
                (317) 713-3500 – telephone
                (317) 713-3699 – fax
                eknear@taftlaw.com

                Sarah Clay Leyshock (pro hac vice)
                Taft Stettinius & Hollister LLP
                425 Walnut Street, Suite 1800
                Cincinnati, OH 45202
                (513) 381-2838 – telephone
                (513) 381-0205 – fax
                sleyshock@taftlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. Jurisdiction and Statement of Claims

   A. The parties agree the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff brings a claim arising under federal law, specifically the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. In addition, Plaintiff brings a claim alleging that Defendant violated state law under Indiana Worker's Compensation Act. The parties agree that the Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S. § 1441(c).

   B. Plaintiff was a manager at Defendant's restaurant called The Eagle. Plaintiff was hurt on the job lifting heavy beer kegs which caused a painful hernia injury. Defendant failed to provide plaintiff with FMLA leave and failed to properly process Plaintiff's Worker's Compensation. Defendant fired plaintiff without considering Plaintiff's right to FMLA leave, in retaliation for seeking FMLA, and in retaliation for seeking Worker's Compensation. This termination caused Plaintiff substantial damages, including the loss of health insurance.

   C. Defendant denies all of Plaintiff's claims. The evidence will show that Defendant never interfered with Plaintiff's rights under the FMLA, and did not terminate him in retaliation for asserting any FMLA rights or taking FMLA leave. In addition, Defendant did not terminate Plaintiff in retaliation for filing a worker's compensation claim.

III. Pretrial Pleadings and Disclosures

   A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 24, 2022**.

   B. Plaintiff shall file preliminary witness and exhibit lists on or before **January 31, 2022**.

   C. Defendant shall file preliminary witness and exhibit lists on or before **February 7, 2022**.

   D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 7, 2022**.

   Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 31, 2022**. Defendant shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 21 days after receipt of the proposal. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **November 1, 2022**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **December 1, 2022**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **March 1, 2023**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 5, 2022**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI").</u> Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in either a printed or .pdf format at the discretion of the producing party. If a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

In circumstances where a party is asserting that relevant information is not reasonably accessible, that party shall provide in writing to the other party an explanation as to why the information in question is not reasonably accessible and of the undue burden or cost associated with retrieving the information.

Cost and Burden of Producing Electronic Discovery. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such documents shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the costs of assembling the responses to the requests; and (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

Claw Back Provision. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. Discovery[1] and Dispositive Motions

    A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

        Defendant: Yes, Defendant anticipates filing a motion for summary judgment. The evidence will show that Defendant never interfered with Plaintiff's rights under the FMLA, and did not terminate him in retaliation for asserting any FMLA rights or taking FMLA leave. In addition, Defendant did not terminate Plaintiff in retaliation for filing a worker's compensation claim.

    B. On or before **September 9, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

    C. Dispositive motions are expected and shall be filed by **September 30, 2022**; non-expert witness discovery and discovery relating to liability issues shall be completed by **September 2, 2022**; all remaining discovery shall be completed by **February 10, 2023**.

        <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

        If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

V. Pre-Trial/Settlement Conferences

    At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The parties recommend a settlement conference in July, 2022.

VI. Trial Date

    This matter will be ready for trial in or after **July, 2023**. The trial is by **jury** and is anticipated to take **2 days**.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30- day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

VII.   Referral to Magistrate Judge

   A.   Case. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B.   Motions. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.   Required Pre-Trial Preparation

   A.   TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

      1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

      2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

      3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

      4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

         a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

         b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

      5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

      1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. <u>Other Matters</u>

The parties have no other matters to bring to the Court's attention at this time.

Respectfully submitted,

*Mark R. Waterfill (with consent)*
Mark R. Waterfill, #10935-49
2230 Stafford Rd., STE 115
Plainfield, IN 46168
(317) 501-6060
mark@waterfilllaw.com

Counsel for Plaintiff

*Erica M. Knear*
Erica M. Knear, #35028-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
(317) 713-3500 – telephone
(317) 713-3699 – fax
eknear@taftlaw.com

Sarah Clay Leyshock *(admitted pro hac vice)*
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838 – telephone
(513) 381-0205 – fax
sleyshock@taftlaw.com

Counsel for Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM . |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR AT .M. COUNSEL SHALL APPEAR:<br><br>IN PERSON IN ROOM ; OR<br><br>BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 30, 2022**; non-expert witness discovery and discovery relating to liability issues shall be completed by **September 2, 2022**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  11 JAN 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.