UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN BENNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:21-cv-03027-RLY-MJD ) |
| THUNDERDOME RESTAURANTS, LLC, | ) ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF DEFENSES**

Pursuant to the Court's Order Dkt. No. 16, defendant Thunderdome Restaurants, LLC ("Defendant") submits the following statement of defenses it intends to prove at trial, stating specifically the legal theories upon which the defenses are based.

**I.   Plaintiff's claim of Family and Medical Leave Act interference fails because Plaintiff was not entitled to leave.**

Ryan Bennett ("Plaintiff") cannot prevail on his claim of interference under the Family and Medical Leave Act ("FMLA") because he cannot show that Defendant denied him FMLA benefits to which he was entitled. To prevail in an FMLA interference claim, Plaintiff must establish: "(1) [he] was eligible for the FMLA's protections; (2) [his] employer was covered by the FMLA; (3) [he] was entitled to take leave under the FMLA; (4) [he] provided sufficient notice of [his] intent to take leave; and (5) [his] employer denied [him] FMLA benefits to which [he] was entitled." *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 992 (7th Cir. 2010). In cases where the employee alleges that the employer interfered with his substantive rights under the FMLA, the employee must prove that he forfeited a right or benefit to which he was entitled as a result of the employer's interference with his rights under the FMLA. *See, e.g.*, *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 908 (7th Cir. 2008) ("When an employee alleges a deprivation of the substantive guarantees of the FMLA, the employee must establish, by a preponderance of the evidence, an entitlement to

the disputed leave.") (internal citations omitted). Plaintiff retains the ultimate burden of proof as to her entitlement to leave and as to each prong of her *prima facie* case. *Simpson v. Off. of the Chief Judge of the Cir. Ct. of Will Cnty., et al.*, 559 F.3d 706, 712 (7th Cir. 2009).

Here, Plaintiff cannot establish that he was entitled to take leave under the FMLA or that Defendant denied him FMLA benefits to which he was entitled. Specifically, as will be set forth at trial, Plaintiff's medical records show that he was able to continue working with certain work restrictions, such as restrictions on lifting and having the ability to sit, from August 23, 2019 through his termination. Defendant followed those restrictions and Plaintiff continued to work during the recovery from his workplace injury. The only time that Plaintiff requested off work for was for his follow-up medical care, and Defendant accommodated those requests. Accordingly, Defendant never denied Plaintiff FMLA benefits to which he was entitled.

## II. **Defendant's termination of Plaintiff's employment was based upon legitimate, non-discriminatory reasons that were unrelated to Plaintiff's workplace injury or need for time off for follow-up appointments.**

To establish a *prima facie* case of FMLA retaliation under the direct method of proof, Plaintiff has to "'present evidence of (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two.'" *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 799 (7th Cir. 2014) (citation omitted). Plaintiff's FMLA retaliation claim will fail because he cannot establish a causal connection between any FMLA-qualifying protected activity and his termination. Rather, Defendant's decision to terminate Plaintiff's employment was due exhaustion of the progressive disciplinary process. During this approximately 15-month long employment, Plaintiff had a number of performance issues starting in the early months of his employment and resulting in his reassignments to all three of the local restaurants owned by Defendant. In addition, shortly before his termination from the last restaurant in October 2019, Plaintiff made several more of the same mistakes related to his job duties,

including but not limited to, significant supply order errors and taking unauthorized breaks during busy periods of the work shift. These performance issues occurred throughout his employment resulting in verbal coachings, one written warning, and four final written warnings prior to his termination. When the written warnings were presented to Plaintiff, he failed to accept accountability for his actions. Defendant lawfully and reasonably determined at that time to terminate Plaintiff's employment. Accordingly, Plaintiff's performance issues had nothing to do with his injury or alleged need for time off. Rather, Defendant terminated Plaintiff for his repeated failure to perform his job duties while present at work and his unwillingness to change his behavior despite the warnings.

  **III.**  **Defendant's termination of Plaintiff's employment was based upon legitimate, non-discriminatory reasons that were unrelated to Plaintiff's Workers' Compensation Claim.**

In Indiana, a plaintiff may bring a claim (referred to as a "*Frampton* claim") against his employer if he is terminated in retaliation for exercising his statutorily conferred right to seek worker's compensation benefits. *Frampton v. Central Ind. Gas Co.*, 297 N.E.2d 425, 428 (Ind. 1973). To prove a Frampton claim, Plaintiff "must present evidence that directly or indirectly implies the necessary inference of causation between the filing of a worker's compensation claim and the termination, such as proximity in time or evidence that the employer's asserted lawful reason for discharge is a pretext." *Id.*

Here, Plaintiff cannot make the required showing of a causal connection because there is no evidence that Defendant's reason for terminating his employment was a pretext. Rather, the undisputed evidence will show that Plaintiff's performance issues had nothing to do with his injury, need for time off for follow-up appointments, or filing of his workers' compensation claim. In fact, Plaintiff's performance issues stemmed back from the beginning of his employment with Defendant in July 2018.

**IV.     Even if an improper motive played any role in Plaintiff's Termination, the Defendant would have taken the same action regarding Plaintiff without regard to the improper or impermissible motive.**

"[E]ven if [the plaintiff] succeeds in showing that [his protected category] was a motivating factor in [his termination], []he cannot recover damages if the [defendant] demonstrates that the same action would have been taken in the absence of the impermissible motivating factor." *Dale v. Indianapolis Police Dep't*, 919 F. Supp. 1242, 1246 (S.D. Ind. 1996). Accordingly, even if an improper motive played any role in Plaintiff's termination, which Defendants deny, Defendants would have taken the same action based on his undisputed and well-documented inadequate performance.

**V.     Plaintiff's claims punitive and emotional distress damages are barred by the FMLA.**

It is well established that punitive and emotional distress damages may not be awarded in private suits brought pursuant to the FMLA. *See Cianci v. Pettibone Corp.*, 152 F.3d 723, 729 (7th Cir. 1998); *see also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n.6 (9th Cir. 2003). Accordingly, to the extent Plaintiff is seeking to recover punitive and/or emotional distress damages, such a claim for those damages is barred by the FMLA.

**VI.    Plaintiff has failed to mitigate his damages and/or his alleged damages are the result of his own conduct.**

Plaintiff's damages claims are barred or limited because of his failure to mitigate and/or because his alleged loss of wages are the result of his own actions or inactions. Under the FMLA, "[t]he familiar common law duty of mitigating damages is imposed: the employee must make a diligent search for comparable employment." *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008). Here, Plaintiff has failed to take reasonable measures to find comparable employment even though jobs for which he was qualified were available. In his deposition, Plaintiff testified that he did not begin applying for positions until late December 2019 (two months after his termination

from Defendant). In addition, plaintiff has not provided a response listing any applications for employment during that time. Moreover, Plaintiff was terminated from his subsequent employment with another restaurant for performance on November 20, 2020 and now has felony charges pending against him (filed October 12, 2021). Plaintiff is currently unemployed reportedly to care for a relative. For these reasons, Plaintiff's claim for lost wages is limited or barred.

## VII. Reservation of Rights

By submitting the above, Defendant is not contending that any particular party may or may not bear the burden of proof on an issue, or part thereof. Defendant is still in the process of preparing for trial. Accordingly, based upon the discovery of additional or different information, Defendant reserves, and does not waive, its right to assert additional claims or defenses at trial.

Respectfully submitted,

*Erica M. Knear*
Erica M. Knear, Atty. No. 35028-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
(317) 713-3500 – telephone
(317) 713-3699 – fax
eknear@taftlaw.com

Sarah Clay Leyshock, OH Atty. No. 0081695
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838 – telephone
(513) 381-0205 – fax
sleyshock@taftlaw.com
*Admitted Pro Hac Vice*

*Counsel for Defendant*