UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN BENNETT, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>THUNDERDOME RESTAURANTS, LLC, )<br>)<br>   Defendant. ) | CAUSE NO. 1:21-cv-03027-RLY-MJD |

**PLAINTIFF'S STATEMENT OF CLAIMS HE INTENDS TO PROVE AT TRIAL**

Pursuant to the Court's Order Dkt. No. 16, Plaintiff Ryan Bennett submits the following statement of claims he intends to prove at trial, stating specifically the legal theories upon which the defenses are based.

   I.   **Defendant violated the Family and Medical Leave Act in Numerous Ways**

Defendant is an employer under the FMLA, and yet it failed to train Plaintiff and the rest of its employees about the FMLA. Plaintiff had worked at Thunderdome for more than one year and suffered a double hernia lifting kegs of beer at Defendant's Restaurant. Clearly, this was a serious medical condition as Thunderdome managers and Human Resources very well knew. However, Defendant never trained Plaintiff regarding the FMLA, failed to provide Plaintiff with FMLA paperwork, and tried to ignore the extreme physical pain Plaintiff was in. Defendant illegally fired Plaintiff.

Pursuant to 29 C.F.R. 300 (b) (1) an employer is obligated to provide leave when "the employer acquires knowledge" that an absence "may be" FMLA qualifying. As stated in <u>Stevenson v. Hyre Elec. Co</u>., 5050 F. 3d 720 (7th Cir. 2007) "constructive notice" of an FMLA qualifying event is enough to place an employer on notice.

Thunderdome clearly possessed constructive notice. Plaintiff was injured on the job. He went to Concentra Urgent Care approximately eight times. Documents produced by Defendant show that they knew Plaintiff suffered a hernia and "was in pain.". But Defendant never spoke to Plaintiff about the FMLA, nor had they ever trained Plaintiff about it.

II. **Plaintiff Clearly Suffered from a Serious Medical Condition**

Plaintiff was injured at work with a double hernia which required surgery. This is clearly a chronic condition and Plaintiff was entitled to FMLA leave.

III. **Plaintiff was Fired in Retaliation for Seeking Workers Compensation in Violation of Indiana Law**

In Indiana, a plaintiff may bring a claim (referred to as a "*Frampton* claim") against his employer if he is terminated in retaliation for exercising his statutorily conferred right to seek worker's compensation benefits. *Frampton v. Central Ind. Gas Co.*, 297 N.E.2d 425, 428 (Ind. 1973). To prove a Frampton claim, Plaintiff "must present evidence that directly or indirectly implies the necessary inference of causation between the filing of a worker's compensation claim and the termination, such as proximity in time or evidence that the employer's asserted lawful reason for discharge is a pretext." *Id.*

At trial, Plaintiff will prove that Thunderdome and its managers were well aware that Mr. Bennett had filed a workers' compensation claim and that filing was a motivation for his termination.

IV. **Plaintiff has Suffered Substantial Damages**

Plaintiff has experienced permanent disfigurement, ongoing physical pain and suffering mental duress and anguish due to Thunderdome's incompetent handling for the need of immediate medical attention.

Thunderdome illegally removed Plaintiff's health insurance and never competed the processing of his Workers' Compensation claim. This has caused Plaintiff to be billed for medical bills which he cannot afford to pay. As a result, Plaintiff's personal credit history has been destroyed.

Plaintiff requests backpay, front pay, reimbursement of medical expenses, compensatory, punitive and liquidated damages from the Defendant. Additionally, Plaintiff seeks attorney fees and costs. Discovery is ongoing and there may be additional elements of damages sought.

Plaintiff calculates his backpay as follows: Plaintiff was terminated in October 2019 and obtained a new job in February 2020. Plaintiff was out of work for 15 weeks. Plaintiff made $49,000 per year and usually made $3,000 in yearend bonuses, for a total of $52,000 per year which is $1000 per week. Plaintiff's backpay through February 2020 is approximately $15,000, not including the value of benefits. Then in March 2020, the Hyatt House closed due to Covid and Plaintiff was off work for another 3 months, which adds an additional $12,000.00 to his back pay. In July 2020, Plaintiff got a job at Tax Man making $17.50 per hour for only about 25 hours per week and was paid about $430.00 per week. This is $570 per week less than what Plaintiff made at Thunderdome, which for 12 weeks is $6,840.00 in additional backpay. In October 2020, Taxman closed due to Covid. Plaintiff was off work looking for a job until March 2021 when Plaintiff took a job at the Original in Nashville, Indiana. For twenty weeks Plaintiff was off work and his back pay for that time is $20,000.00. Plaintiff worked at the Original until May 2021 until it closed due to Covid. Plaintiff has been off work and looking for a job for approximately one year and so his additional backpay is $52,000.00. Plaintiff's total back pay is $105,840.00, plus prejudgment interest. Plaintiff continues to look for work and will present

back pay between May 2022 and the trial date. Plaintiff will also seek front pay for at least three years, which at my former rate of pay would be $156,000.00, with a net present value reduction.

    a. Plaintiff still owes approximately $4000 in medical bills and has paid approximately $5000 for medical treatment.

    b. Pursuant to the FMLA, Plaintiff's back pay will be doubled. Thunderdome's actions were willful. Plaintiff received no FMLA training and his supervisors knew Plaintiff had been hurt on the job and was suffering from a serious medical condition.

    c. Punitive damages are available because Thunderdome fired Plaintiff in retaliation for filing a Workers Compensation claim.

    d. Attorney fees, costs and interest are available to Plaintiff pursuant to the FMLA.

Respectfully submitted,
*/s/ Mark Waterfill*
Mark R. Waterfill, Atty. No. 10935-49
2230 Stafford Rd. STE 115, PMB 379
Plainfield IN 46168
(317) 501-6060
mark@waterfilllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true, exact and authentic copy of the foregoing has been served upon all counsel of record by way of electronic service the same day as filing.

*/s/ Mark Waterfill*

Case 1:21-cv-03027-RLY-MJD Document 37 Filed 09/09/22 Page 5 of 5 PageID #: 199