UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-03027-RLY-MJD |
| | ) |
| THUNDERDOME RESTAURANTS, LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Ryan Bennett ("Bennett"), by counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, respectfully submits the following memorandum of law in support of his motion for partial summary judgment against Defendant Thunderdome Restaurants, LLC ("Thunderdome"). As explained more fully *infra*, no material dispute of fact exists on Bennett's FMLA interference claim against Thunderdome, and Bennett is entitled to judgment as a matter of law on his FMLA interference claim against Thunderdome. Accordingly, Bennett respectfully moves the Court to enter judgment in his favor and against Thunderdome on his FMLA interference claim against Thunderdome.

**I.
SUMMARY OF MOTION**

Bennett is entitled to partial summary judgment on his Complaint against Thunderdome. Specifically, Bennett is entitled to summary judgment on his FMLA interference claim against Thunderdome.

In order to prevail on his FMLA interference claim, Bennett needs to establish five elements: (1) that he was eligible for FMLA protection; (2) that Thunderdome was covered by the FMLA; (3) that he was entitled to leave under the FMLA; (4) that he provided sufficient notice of his intent to take FMLA leave to Thunderdome; and (5) that Thunderdome denied FMLA benefits to him to which he was entitled. Elements one, two, and five to Bennett's FLMA interference claim are not in dispute as Thunderdome has admitted those elements in its Answer to Bennett's Complaint. D/E 10.

As for the third and fourth elements, those are also not in dispute. Bennett's double hernia was a serious medical condition for purposes of the FMLA because it was one for which he needed continuing treatment, *i.e.*, it was a chronic condition. The evidence shows that Bennett sought medical treatment for his hernia on (approximately) eight separate occasions. The undisputed evidence also shows that Thunderdome was aware that he had sought medical treatment for his hernia from a medical professional on at least one occasion on August 23, 2019. Accordingly, Bennett has satisfied the third element necessary to his FMLA interference claim.

As for the fourth element, Bennett provided ample notice of his need for FMLA benefits, and that notice triggered Thunderdome's obligations under the FMLA. As such, Bennett has satisfied the fourth element necessary to his FMLA interference claim. The undisputed evidence shows that Thunderdome knew that Bennett had sustained a double hernia while working for Thunderdome at The Eagle restaurant, that Bennett had sought medical attention for his hernia, and that Bennett was in pain from his hernia. Despite this knowledge,[1] Thunderdome did not engage in the interactive process with Bennett—as required by the FMLA—in order to determine

---

[1] Conversely, an employee does not even "need to be aware of [her] FMLA rights to invoke them." *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 364 (7th Cir. 2020).

if he needed anytime off due to his serious medical condition. Instead, Thunderdome remained silent as to Bennett's rights under the FMLA, and Thunderdome fired him when he missed too much time from work and when he could not perform the essential duties of his job at The Eagle restaurant. Accordingly, Bennett is entitled to the partial summary judgment that he seeks.

## II.
## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

During all relevant times, Plaintiff Ryan Bennett was a resident of Hendricks County, Indiana. Plaintiff's Complaint at ¶ 1; Defendant's Answer at ¶ 1; Bennett's Affidavit at ¶ 2. Also, during all relevant times, Defendant Thunderdome Restaurants, LLC, owned and operated a restaurant business known as "The Eagle," which is located at 334 Massachusetts Avenue, Indianapolis, Indiana, 46204. Plaintiff's Complaint at ¶ 2; Defendant's Answer at ¶ 2; Bennett's Affidavit at ¶ 3.

Finally, during all relevant times, Thunderdome was an "employer" as that term is used and defined in the Family Medical Leave Act ("FMLA"), in that, Thunderdome employed more than fifty (50) individuals at The Eagle restaurant, and Bennett was a "covered employee" as that term is used and defined in the FMLA, in that, he had worked at The Eagle and Bakersfield for more than twelve (12) months, and he had worked in excess of one thousand fifty (1,250) hours per year. Plaintiff's Complaint at ¶ 9; Defendant's Answer at ¶ 9; Bennett's Affidavit at ¶ 4. Bennett worked at the Eagle from July 17, 2018, until Thunderdome terminated him on October 26, 2019. Defendant's Answer at ¶ 9. Bennett's Affidavit at ¶ 5.

In performing his duties as a kitchen manager at The Eagle, Bennett lifted numerous beer kegs from the staging area into the keg cooler. Plaintiff's Complaint at ¶ 6; Bennett's Affidavit at ¶ 6. As a result of lifting these numerous beer kegs at The Eagle, Bennett sustained a double hernia, which required him to receive surgery in order to repair the hernia. Plaintiff's Complaint at ¶ 7;

3

Bennett's Affidavit at ¶¶ 6-8.  As a result of his double hernia, Bennett was forced to miss work at The Eagle. Bennett's Affidavit at ¶¶ 6-9. Thunderdome never gave Bennett any training on the FMLA. Bennett never received an employment handbook or any FMLA policies. Bennett's Affidavit at ¶¶ 10.  Rather than provide Bennett with any training regarding Thunderdome's obligations under the FMLA, rather than notify Bennett of his opportunity to take leave under the FMLA, and rather than engage in the interactive process required by the FMLA, Thunderdome terminated Bennett on October 26, 2019. Plaintiff's Complaint at ¶ 10; Bennett's Affidavit at ¶¶ 11, 17-20.

Thunderdome either knew or should have known that Bennett was entitled to or needed to take leave under the FMLA because Bennett was injured on the job while he was performing the essential duties of his job. Plaintiff's Complaint at ¶¶ 6 & 7; Defendant's Answer at ¶ 7; Bennett's Affidavit at ¶¶ 12, 15, & 16.  In fact, Bennett reported to Thunderdome on August 23, 2019, that he had suffered a hernia and that he needed medical attention, a fact that Thunderdome admits. Defendant's Answer at ¶ 7; Bennett's Affidavit at ¶¶ 15-18.

Moreover, Bennett was forced to visit Concentra Urgent Care for his hernia on (approximately) eight separate occasions. Defendant's Answer at ¶ 7; Bennett's Affidavit at ¶ 12. Bennett also provided documentation to Thunderdome indicating that he had suffered a hernia and revealing to Thunderdome that he was in pain. Bennett's Affidavit at ¶ 13 & 14. Again, Thunderdome admits that on August 23, 2019, Bennett reported to Thunderdome that he had suffered a hernia after lifting a tray at work and that he needed medical attention. Defendant's Answer at ¶ 7; Bennett's Affidavit at ¶¶ 14 - 18.

Nevertheless, Thunderdome never mentioned the opportunity to take leave under the FMLA to Bennett. Bennett Affidavit at ¶¶ 9, 18 - 21.  Thunderdome never offered any training

regarding Bennett's rights under the FMLA. *Id*. And, Thunderdome never engaged in the interactive process with Bennett as required by the FMLA. *Id*. Instead, Thunderdome fired Bennett in violation of his federal and state law rights. Bennett's Affidavit at ¶¶ 20 - 23.

### III.
### LEGAL STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

"Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes." *Martin v. Noble County Sheriff's Dep't*, 2021 WL 26310, * 4 (N.D. Ind. Jan. 4, 2021)(citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997).

### IV.
### THUNDERDOME INTERFERED WITH BENNETT'S RIGHTS UNDER THE FMLA

In the instant case, Thunderdome interfered with and violated Bennett's rights under the FMLA by failing to request further information from him and/or his healthcare provider(s) as necessary to confirm that Bennett was entitled to FMLA leave. "The FMLA generally provides eligible employees suffering from a serious medical condition with as many as twelve weeks of unpaid leave during any twelve-month period." *Pagel v. TIN Inc.*, 695 F.3d 622, 626 (7th Cir. 2012). "Employers are prohibited from [ ] interfering with . . . an employee's use or attempted use

5

of FMLA leave." *Id.* In order to succeed on an FMLA interference claim, a plaintiff must establish that: "(1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled." *Id.* at 627 (quotation marks omitted).

Here, the undisputed evidence demonstrates that Thunderdome interfered with Bennett's right to take leave under the FMLA. Therefore, Bennett is entitled to partial summary judgment on his FMLA interference claim against Thunderdome.

Thunderdome has admitted that it is an employer for purposes of the FMLA, and Thunderdome has admitted that Bennet was eligible for the FMLA's protections. Plaintiff's Complaint at ¶¶ 9 & 13; Defendant's Answer at ¶¶ 9 & 13. Bennett's Affidavit at ¶¶ 3 & 4. Likewise, there is no question that Thunderdome did not offer any FMLA benefits to Bennett; instead, Thunderdome fired him. *Ziccarelli v. Dart*, 35 F.4th 1079, 1085 (7th Cir. 2022)(holding that "[t]he text of § 2615(a)(1) makes clear that a violation does not require actual denial of FMLA benefits."); Plaintiff's Complaint at ¶¶ 10-12; Bennett's Affidavit at ¶¶ 9, 10, 17-21. Accordingly, Bennett has demonstrated the first, second, and fifth elements necessary to his FMLA interference claim.

The only possible dispute that might exist as to whether Thunderdome interfered with Bennett's rights under the FMLA and as to whether Bennett is entitled to summary judgment on that claim is regarding the third and fourth elements. But as explained *infra*, Bennett has satisfied his burden on those elements as well.

As for the third element, it is undisputed that Bennett was entitled to take leave under the FMLA. Bennett suffered from a double hernia that he acquired while lifting beer kegs at The

6

Eagle as part of his job. Plaintiff's Complaint at ¶¶ 6 & 7; Defendant's Answer at ¶ 7. Bennett's Affidavit at ¶¶ 6-9. Indeed, the medical evidence shows that Bennett had a double hernia and that his serious medical prevented him from performing his duties as a manager at The Eagle. Plaintiff's Complaint at ¶ 7; Defendant's Answer at ¶ 7. Bennett's Affidavit at ¶¶ 6 - 9.

Under the FMLA, a "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 C.F.R. § 2611(11). "'Continuing treatment' generally involves conditions that require treatment over time, including conditions that result in incapacity of more than three days; pregnancy; *chronic conditions*, such as Alzheimer's, a severe stroke, or the terminal stages of a disease; and conditions requiring multiple treatments, such as cancer. *Jackson v. Dakkota Integrated Sys., LLC*, 2015 WL 1138565, * 2 (N.D. Ill. Mar. 10, 2015)(citing 29 C.F.R. § 825.115)(emphasis added).

Without question, Bennett's double hernia constituted a serious health condition for purposes of the FMLA. More specifically, Bennett's double hernia was a chronic condition as that term is used in the FMLA because Bennett's condition required continuing treatment. Bennett testified that he visited Concentra Urgent Care approximately eight times in order to seek and receive treatment for his double hernia. Bennett Affidavit at ¶ 14. Therefore, there can be little doubt that Bennett's double hernia was a chronic condition and, thus, a serious health condition for purposes of the FMLA because he was required to seek multiple treatments for his condition. *Id*. And, this condition prohibited Bennett from performing his essential job functions for Thunderdome. Bennett Affidavit at ¶ 8. At least one district court has identified a hernia (along with other conditions) as constituting a serious medical condition for purposes of the FMLA, and Bennett urges this Court to reach the same conclusion. *See Lore v. Chase Manhattan Mortg. Corp.*,

7

2008 WL 11320016, * 4 (N.D. Ga. Nov. 14, 2008)(citing 29 C.F.R. § 825.114(a)); *Soriano v. City of East Chicago*, 2016 WL 1244015, * 1 (N.D. Ind. Mar. 30, 2016)(noting that the defendant did not deny that a hernia was a serious condition for purposes of the FMLA).

Similarly, Bennett moves the Court to conclude that the undisputed evidence shows that he provided sufficient information to Thunderdome to place it on notice or constructive notice of his need for FMLA leave. The United States Court of Appeals for the Seventh Circuit has noted that this requirement is not onerous; the element is satisfied when an employee provides "information sufficient to show that [s]he *likely* has an FMLA-qualifying condition." *Burnett v. LFW Inc.*, 472 F.3d 471, 478-79 (7th Cir. 2006)(emphasis in original). No finding of ill intent is required. *Id*. at 477.

Stated differently, "the employee's duty is merely to place the employer on notice of a probable basis for FMLA leave." *Aubuchon v. Knauf Fiberglass, GmbH*, 359 F.3d 950, 953 (7th Cir. 2004). "Once an employee informs [her] employer of [her] probable need for medical leave, the FMLA imposes a duty on the employer to conduct further investigation and inquiry to determine whether the proposed leave in fact qualifies as FMLA leave." *Burnett*, 472 F.3d at 480. As one district court has opined: "Johnson [the employee] was not obligated to provide Gerresheimer [the employer] with information conclusively demonstrating that she required FMLA leave; her notice only needed to establish a *probable* basis for FMLA leave by alerting Gerresheimer 'to the seriousness of the health condition.' *See Stevenson v. Hyre Elec. Co.*, 505 F.3d 720, 725 (7th Cir. 2007); *Aubuchon*, 359 F.3d at 953. If Johnson's notice established this probable basis, it was then Gerresheimer's duty 'to conduct further investigation and inquiry to determine whether the proposed leave *in fact* qualifies as FMLA leave.' *Burnett*, 472 F.3d at 480

8

(emphasis added)." *Johnson v. Gerresheimer Glass, Inc.*, 2022 WL 117768, * 7 (N.D. Ill. Jan. 12, 2022).

In the case *sub judice*, Bennett provided more than enough information to Thunderdome to place it on actual notice or constructive notice, thereby triggering Thunderdome's obligations and duties under the FMLA to conduct further investigation and inquiry in order to determine whether Bennett should have been offered benefits under the FMLA, including leave under the FMLA. *Id*. "When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.303(b). Bennett was injured on the job and needed to seek medical treatment for his injuries on eight occasions. Bennett informed Thunderdome of his injury, and Thunderdome admitted that it knew that Bennett was in pain. Nevertheless, Thunderdome never spoke to Bennet about his rights under the FMLA, nor did Thunderdome ever offer any training to Bennett about his rights under the FMLA.

And, even if the Court were to find that the documents and testimony provided by Bennett regarding the notice provided to Thunderdome are insufficient for purposes of carrying his burden on summary judgment or creates a question of fact sufficient to preclude summary judgment (which the Court should not so conclude), Thunderdome has admitted that Bennett told Thunderdome that he was suffering from a hernia and that he needed medical attention. Defendant's Answer at ¶ 7. Thunderdome's admission on this point should resolve any dispute of fact regarding the notice requirement to Bennett's FMLA interference claim.

Despite this knowledge of Bennett's condition, the origin of his condition, and his need for time off as a result of his serious medical condition, Thunderdome remained silent as to Bennett's rights under the FMLA, and in so doing, Thunderdome violated or interfered with Bennett's rights

under the FMLA. Other federal courts have reached this conclusion on fewer facts that would constitute notice for purposes of a FMLA interference claim. *E.g.*, *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 817 (7th Cir. 2015)(finding that mentioning the plaintiff's son's anemia and providing an email regarding the plaintiff's diabetes was sufficient to place the employer on notice under the FMLA); *Byrne v. Avon Prods., Inc.,* 328 F.3d 379, 380 (7th Cir. 2003)(holding that a drastic change in the behavior of a model employee could suffice as proper notice of a serious medical condition under the FMLA); *Gibson v. Indiana State Personnel Dep't*, 2020 WL 1956120, * 3 (S.D. Ind. Apr. 21, 2020)(citing *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 826 (7th Cir. 2012)and holding that "[a[ general request for time off for FMLA-qualifying reasons is enough.").

In support of his motion, Bennett cites to and relies upon the recent Opinion from United States District Judge Tonya Walton-Pratt in *White v. Valeo Lighting Sys. N. Am. Inc.*, 2021 WL 5447075 (S.D. Ind. Nov. 22, 2021). In *White*, Judge Walton-Pratt denied the employer/defendant's motion for summary judgment on the plaintiff/employee's FMLA interference claims. *Id*. at * 11-12. In denying the defendant/employer's motion for summary judgment on the plaintiff/employee's FLMA interference claim, Judge Walton-Pratt, relying on the Seventh Circuit's opinion in *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 366 (7th Cir. 2020), explained that an employee does not need to follow an employer's internal notice regulations in order to constitute sufficient notice under the FMLA. *White*, 2021 WL 5447075, at * 12. Instead, Judge Walton-Pratt found that, because the defendant/employer had received several doctor's notes from the plaintiff/employee in a little over a month's time, summary judgment was not appropriate on the issue of notice in the defendant/employer's favor because a reasonable jury could conclude that the plaintiff/employee had provided sufficient notice under the FMLA to trigger the

defendant/employer's duties to investigate the plaintiff/employee's need for leave under the FMLA. *Id*.

Here, there is no doubt that Bennett satisfied his obligation to place Thunderdome on notice of his need for FMLA leave or time off. Thunderdome knew that Bennett had gone to Concentra Urgent Care several times for his hernia, and Thunderdome knew that Bennett was in pain. Bennett Affidavit at ¶¶ 14 - 18. Notably, Thunderdome has conceded that on August 23, 2019, Bennett reported to Thunderdome that he was suffering from a hernia and that he needed medical attention. Defendant's Answer at ¶ 7. This information was sufficient to place Thunderdome on notice that it needed to engage in the interactive process with Bennett when he began to miss work and when he could not perform the essential duties of his job due to his double hernia. Instead of complying with its obligations under the FMLA, Thunderdome fired Bennett, and in so doing, Thunderdome violated and interfered with Bennett's rights under the FMLA.

## V.
## CONCLUSION

In short, the undisputed evidence shows that Thunderdome interfered with Bennett's rights under the FMLA. Thunderdome knew that Bennett had sustained a double hernia as a result of performing the essential duties of his job as a manager at one of Thunderdome's restaurants; Thunderdome was aware that Bennett was in pain as a result of suffering a hernia while at work; Thunderdome knew that Bennett had sought medical care for his double hernia; and Thunderdome was aware that Bennett was missing work as a result of his serious medical condition.

Nevertheless, Thunderdome never engaged in the interactive process with Bennett that the FMLA requires. Thunderdome never told Bennett of his rights under the FMLA to receive time off. Thunderdome never provided any training to Bennett on his rights under the FMLA. Instead, Thunderdome fired Bennett.

11

The undisputed fact show that Thunderdome violated Bennett's rights under the FMLA. Bennett has pointed to undisputed fact, supported by evidence, with which to show that Thunderdome interfered with his rights under the FMLA. And, Bennett has demonstrated that he is entitled to judgment as a matter of law on his FMLA interference claim.

WHEREFORE, Plaintiff Ryan Bennett, by counsel, respectfully moves the Court for partial summary judgment on his Complaint against Defendant Thunderdome Restaurants, LLC; asks the Court to enter judgment in his favor and against Defendant on his claim for interference under the Family Medical Leave Act; asks the Court to set this matter for trial on the amount of damages owed to Plaintiff by Defendant for interfering with his rights under the FMLA; asks the Court to set trial on Plaintiff's remaining claims against Defendant; and asks for all other just and proper relief.

Respectfully submitted,

/s/ Mark R. Waterfill

Mark R. Waterfill, #10935-49
Mark R. Waterfill, Attorney at Law, P.C.
2230 Stafford Road, STE 115, PMB 379
Plainfield, IN 46168
(317) 501-6060
mark@waterfilllaw.com

## **CERTIFICATE OF SERVICE**

I certify that a true, exact, and authentic copy of the foregoing has been served upon all counsel of record by way of electronic service the dame day as filing.

/s/ *Mark R. Waterfill*