**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **RYAN BENNETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-03027-RLY-MJD |
| | ) |
| | ) |
| **THUNDERDOME RESTAURANTS, LLC,** | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF PLAINTIFF RYAN BENNETT IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Ryan Bennett, having first been duly sworn upon his oath, deposes, testifies, and states as follows:

1. I am over the age of twenty-one (21); I suffer no incompetency; and I have personal knowledge of the facts asserted herein based upon my own personal involvement.

2. During all relevant times, I resided in Hendricks County, Indiana.

3. During all relevant times, Thunderdome Restaurants, LLC ("Thunderdome"), owned and operated a restaurant business known as "The Eagle," which is located at 334 Massachusetts Avenue, Indianapolis, Indiana, 46204. Thunderdome also owns Bakersfield, a restaurant next door to The Eagle.

4. Prior to my termination, I had worked at Bakersfield, Krueger's and The Eagle restaurants for more than twelve months and in excess of one thousand fifty (1,250) hours per year. All of these restaurants are owned and managed by Thunderdome.

5. Specifically, I worked at Thunderdome from July 17, 2018, until Thunderdome terminated me on October 26, 2019.

6. In performing my duties as a kitchen manager at The Eagle, I lifted numerous beer kegs from the staging area into the keg cooler.

7. As a result of lifting these numerous beer kegs at The Eagle, I sustained a double hernia, which required me to receive surgery in order to repair the hernia.

8. As a result of my double hernia, I could no longer perform all of the essential functions of my job as a manager at The Eagle.

9. In addition, I was forced to miss work at The Eagle to seek medical care for my hernia.

10. Thunderdome never gave me any training on the FMLA. I never received an employment handbook or any FMLA policies.

11. Rather than provide any training to me pursuant to Thunderdome's obligations under the FMLA, rather than notify me of my opportunity to take leave under the FMLA, and rather than engage in the interactive process with me as required by the FMLA, Thunderdome terminated me on October 26, 2019.

12. I believe that I provided adequate notice to Thunderdome regarding my need for leave under the FMLA to trigger Thunderdome's obligations under the FMLA. On October 23, 2019, I told my supervisor, Collin Martin that I was in pain as a result of the hernia injury.

13. Thunderdome either knew or should have known that I was entitled to or needed to take leave under the FMLA because I was injured on the job while I was performing the essential duties of my job.

14. I was forced to visit Concentra Urgent Care for my hernia on (approximately) eight separate occasions in order to seek medical care for my hernia.

15. Thunderdome possessed documents that indicated that I had suffered a hernia.

16. Thunderdome knew that I was in pain from my double hernia.

17. On August 23, 2019, I reported to Thunderdome that I had suffered a hernia and that I needed medical attention.

18. I also made Thunderdome aware of my hernia, my pain, and my need for medical treatment on other occasions.

19. Thunderdome never mentioned the opportunity for me to take leave under the FMLA.

20. Thunderdome never offered any training to me regarding my rights under the FMLA.

21. Thunderdome never engaged in the interactive process with me as required by the FMLA.

22. Instead, Thunderdome fired me for missing work.

23. I believe that Thunderdome fired me in violation of my rights under both federal and state law.

FURTHER THE AFFIANT SAITH NOT. I AFFIRM AND DELCARE UNDER THE PENALTIES FOR PERJURY, PURSUANT TO 28 U.S.C. § 1746(2), THAT THE FOREGOING STATEMENTS AND REPRESENTATIONS ARE TRUE AND CORRECT.

/s/ Ryan Bennett   October 31, 2022