,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-03027-RLY-MJD |
| | ) |
| | ) |
| THUNDERDOME RESTAURANTS, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Ryan Bennett ("Bennett"), by counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, respectfully submits the following Reply Brief in support of his Motion for Partial Summary Judgment against Defendant Thunderdome Restaurants, LLC ("Thunderdome").

The Parties have filed cross-motions for summary judgment on the issue of whether Thunderdome violated Bennett's rights under the Family Medical Leave Act ("FMLA") as he alleged in his Complaint. Therefore, Bennett will not belabor his arguments but will, instead, rely primarily upon the arguments contained within his Memorandum of Law that he filed in support of his Motion for Partial Summary Judgment and within his Response in Opposition to Thunderdome's Motion for Summary Judgment. Bennet believes that he has demonstrated to the Court that he—not Thunderdome—is entitled to summary judgment on his FMLA claim and that genuine issues of fact preclude summary judgment in Thunderdome's favor on Bennett's

,

supplemental state law claim against Thunderdome.[1] Accordingly, Bennett limits his Reply to the two main arguments that Thunderdome has made in response to his Motion for Partial Summary Judgment.

*First*, contrary to Thunderdome's argument, Bennett's double hernia constituted a serious health condition for purposes of the FMLA because his double hernia constituted a chronic condition as that term is defined in the Department of Labor regulations that govern the FMLA. As even Thunderdome recognizes, the DOL's regulations define a "chronic condition," for purposes of the FMLA, as one which:

(1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;

(2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and

(3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

29 C.F.R. § 825.115(c). Bennett has offered evidence to establish each of these elements, and therefore, his double hernia constituted a chronic condition for purposes of his FMLA claim against Thunderdome.

It is undisputed that Bennett visited a healthcare provider for his double hernia more than twice in a single year. In support of his motion for partial summary judgment, Bennett testified that he was forced to visit Concentra Urgent Care for his hernia on (approximately) eight separate occasions. Defendant's Answer at ¶ 7; Bennett's Affidavit at ¶ 12. As for the third element, Bennett offered testimony that he was not continually incapacitated but that the health care

---

[1] To the extent that the Court finds that Bennet is not entitled to summary judgment on his FMLA claim, Bennett respectfully assert that the Court should deny both Parties' cross-motions for summary judgment and should allow Bennett's claims to proceed to trial.

,

providers at Concentra opined that he need to or should take time off work due to his double hernia. Exhibit 2 at pg. 102:5-9. Thunderdome does not appear to challenge the fact that Bennett has satisfied these two elements.

Instead, Thunderdome argues that the two-and-a-half months between when Bennett suffered his double hernia while lifting beer kegs at work in the basement of The Eagle restaurant and that time that his double hernia was surgically repaired is insufficient in duration to constitute an "extended period of time" for purposes of 29 C.F.R. § 825.115(c)(2). Initially, Bennett notes that "there is no precise durational requirement for a chronic condition." *Munoz v. Nutrisystem, Inc.*, 2014 WL 3765498, * 9 (E.D. Pa. July 30, 2014). However, Bennett respectfully submits that two-and-a-half months of constantly suffering in his groin constitutes a chronic condition for purposes of the FMLA sufficient to enter summary judgment in Bennett's favor or, at least, sufficient to preclude summary judgment in Thunderdome's favor. *E.g.*, *Munoz v. Nutrisystem, Inc.*, 2014 WL 3765498, * 9 (E.D. Pa. July 30, 2014)(holding that a jury could find that the plaintiff's neck spasms for five months constituted a chronic condition for purposes of the FMLA); *Neel v. Mid-Atlantic of Fairfield, LLC*, 778 F. Supp. 2d 593, 599 (D. Md. 2011)(holding that the plaintiff had a chronic condition under the FMLA where his seemed to get better and worse over a period of months); *Lore v. Chase Manhattan Mortg. Corp.*, 2008 WL 11320016, * 4 (N.D. Ga. Nov. 14, 2008) (citing 29 C.F.R. § 825.114(a)); *Soriano v. City of East Chicago*, 2016 WL 1244015, * 1 (N.D. Ind. Mar. 30, 2016)(noting that the defendant did not deny that a hernia was a serious condition for purposes of the FMLA); *Carlson v. Sexton Ford Sales, Inc.*, 2017 WL 4273618 (C.D. Ill. Sept. 26, 2017),

*Second*, contrary to Thunderdome's argument, Bennett provided sufficient notice to Thunderdome with which to trigger Thunderdome's obligations to offer FMLA leave to Bennett.

3

,

Initially, Bennett reiterates that he was unaware of his right to take FMLA leave because Thunderdome failed to offer any training on or to tell him about his rights under the FMLA. Bennett Affidavit at ¶¶ 9, 17-20. Moreover, Bennett was not required to use the magic term "FMLA" in order to place Thunderdome on notice of his need for FMLA leave.

> Instead, the United States Court of Appeals for the Seventh Circuit has explained:
>
> The notice requirements of the FMLA are not onerous. An employee need not expressly mention the FMLA in his leave request or otherwise invoke any of its provisions. *See Phillips v. Quebecor World RAI, Inc.,* 450 F.3d 308, 311 (7th Cir. 2006)(citing 29 C.F.R. § 825.303(b)). Indeed, "the employee can be completely ignorant of the benefits conferred by the Act . . . ." *Stoops v. One Call Commc'ns.,* 141 F.3d 309, 312 (7th Cir. 1998). The employee's notice obligation is satisfied so long as he provides information sufficient to show that he *likely* has an FMLA-qualifying condition. *See Aubuchon v. Knauf Fiberglass, GmbH,* 359 F.3d 950, 953 (7th Cir. 2004)("[T]he employee's duty is merely to place the employer on notice of a *probable* basis for FMLA leave." (emphasis added)); *Collins v. NTN–Bower Corp.,* 272 F.3d 1006, 1008 (7th Cir. 2001) ("[E]mployers . . . are entitled to the sort of notice that will inform them . . . that the FMLA *may* apply." (emphasis added)).

*Burnett v. LFW Inc.*, 472 F.3d 471, 478–79 (7th Cir. 2006).

Bennett clearly provided sufficient information to Thunderdome that he likely had an FMLA qualifying event. Bennett told Thunderdome that he injured himself while lifting beer kegs while on the job, and therefore, Thunderdome begrudgingly sent him to Concentra for medical treatment. Defendant's Answer at ¶ 7; Exhibit 2 at pg. 92:9-15.

Despite this knowledge of Bennett's condition, the origin of his condition, and his need for time off as a result of his serious medical condition, Thunderdome remained silent as to Bennett's rights under the FMLA, and in so doing, Thunderdome violated or interfered with Bennett's rights under the FMLA. Again, other federal courts have reached this conclusion on fewer facts that would constitute notice for purposes of a FMLA interference claim. *E.g.*, *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 817 (7th Cir. 2015)(finding that mentioning the plaintiff's son's

,

anemia and providing an email regarding the plaintiff's diabetes was sufficient to place the employer on notice under the FMLA); *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 380 (7th Cir. 2003)(holding that a drastic change in the behavior of a model employee could suffice as proper notice of a serious medical condition under the FMLA); *Gibson v. Indiana State Personnel Dep't*, 2020 WL 1956120, * 3 (S.D. Ind. Apr. 21, 2020)(citing *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 826 (7th Cir. 2012)and holding that "[a[ general request for time off for FMLA-qualifying reasons is enough."). Notably, this Court has reached this conclusion, as found by United States District Judge Tonya Walton-Pratt in *White v. Valeo Lighting Sys. N. Am. Inc.*, 2021 WL 5447075 (S.D. Ind. Nov. 22, 2021).

Here, Thunderdome knew that Bennett had gone to Concentra Urgent Care several times for his hernia, and Thunderdome knew that Bennett was in pain. Bennett Affidavit at ¶¶ 11 & 12. Notably, Thunderdome has conceded that on August 23, 2019, Bennett reported to Thunderdome that he was suffering from a hernia and that he needed medical attention. Defendant's Answer at ¶ 7. This information was sufficient to place Thunderdome on notice that it needed to engage in the interactive process with Bennett when he began to miss work and when he could not perform the essential duties of his job due to his double hernia. Instead of complying with its obligations under the FMLA, Thunderdome fired Bennett, and in so doing, Thunderdome violated and interfered with Bennett's rights under the FMLA.[2]

In short, the undisputed evidence shows that Thunderdome interfered with Bennett's rights under the FMLA. Thunderdome knew that Bennett had sustained a double hernia as a result of

---

[2] To the extent that the Court denies Bennett's motion for summary judgment based upon the alleged lack of notice provided by Bennet to Thunderdome, Bennett respectfully submits that the Court should also deny Thunderdome's cross-motion for summary judgment because notice "is generally a question of fact, not law." *Lichtenstein v. University of Pittsburgh Med. Ctr.*, 691 F.3d 294, 303 (3d Cir.2012).

,

performing the essential duties of his job as a manager at one of Thunderdome's restaurants; Thunderdome was aware that Bennett was in pain as a result of suffering a hernia while at work; Thunderdome knew that Bennett had sought medical care for his double hernia; and Thunderdome was aware that Bennett was missing work as a result of his serious medical condition.

Nevertheless, Thunderdome never engaged in the interactive process with Bennett that the FMLA requires. Thunderdome never told Bennett of his rights under the FMLA to receive time off. Thunderdome never provided any training to Bennett on his rights under the FMLA. Instead, Thunderdome fired Bennett.

WHEREFORE, Plaintiff Ryan Bennett, by counsel, respectfully moves the Court for partial summary judgment on his Complaint against Defendant Thunderdome Restaurants, LLC; asks the Court to enter judgment in his favor and against Defendant on his claim for interference under the Family Medical Leave Act; asks the Court to set this matter for trial on the amount of damages owed to Plaintiff by Defendant for interfering with his rights under the FMLA; asks the Court to set trial on Plaintiff's remaining claims against Defendant; and asks for all other just and proper relief.

Respectfully submitted,

/s/ Mark R. Waterfill

Mark R. Waterfill, #10935-49
Mark R. Waterfill, Attorney at Law, P.C.
2230 Stafford Road, STE 115, PMB 379
Plainfield, IN 46168
(317) 501-6060
mark@waterfilllaw.com

,

## CERTIFICATE OF SERVICE

I certify that a true, exact, and authentic copy of the foregoing has been served upon all counsel of record by way of electronic service the dame day as filing.

/s/ *Mark R. Waterfill*

,